UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LANDCARE HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-05843-JD<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 23 |

Plaintiff Julie Campbell filed a complaint in Alameda County Superior Court in October 2015, against LandCare Holdings, Inc. Dkt. No. 1-1. The right defendant appears to be LandCare USA, LLC ("LandCare"), who although misnamed in the complaint contacted Campbell to initiate early settlement discussions. Dkt. No. 1 at 3. During those discussions, defendant came to understand plaintiff's lawsuit sought damages in excess of the jurisdictional minimum, and removed the case to this Court in December 2015. Dkt. No. 1. On February 1, 2016, the Court allowed plaintiff's counsel to conditionally withdraw with Campbell's written consent, and directed Campbell "notify the Court within 30 days if she intends to seek other counsel or proceed pro se." Dkt. No. 14. Campbell did not respond within that time. On February 9, 2016, the Clerk of the Court entered default against Campbell on LandCare's cross-complaint. Dkt. No. 16. On March 28, 2016, the Court ordered Campbell to show cause by April 8, 2016 why this case should not be dismissed for failure to prosecute and why she should not be sanctioned for failing to appear at a case management conference on March 23, 2016. Dkt. No. 23. The Court also directed Campbell to indicate whether she will be proceeding pro se or has engaged counsel. *Id*.

Campbell has not responded to these orders. Consequently, the Court dismisses the action for failure to prosecute. No other sanctions are ordered.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "'In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Campbell has failed to respond to the Court's Order to Show Cause, despite the Court's warning that the case might be dismissed for failure to prosecute. *See* Dkt. No. 23. For the first factor, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'" *Espinosa*, 2011 WL 334209, at *1 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.") For the third factor, "'a presumption of prejudice arises from the plaintiff['s] failure to prosecute.'" *See Holland v. Farrow*, No. 14-CV-01349-JST, 2015 WL 1738394, at *1 (N.D. Cal. Apr. 6, 2015) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998)). Plaintiff has done nothing at all to rebut that presumption, and so this factor weighs strongly in favor of dismissal. For the fourth factor, the Court already issued an Order to Show Cause, which provided Campbell with notice of her failure to appear at the case management conference, and a warning that she was already in default on the cross-claims and had also missed deadlines for serving initial disclosures and conferring on a joint case management statement. *See* Dkt. No. 23. The Order to Show Cause satisfies the requirement that the Court consider less drastic sanctions. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor

on the public policy favoring disposition of cases on their merits might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because four of the five relevant factors weigh in favor of dismissal, Court dismisses this case in its entirety without prejudice. The clerk will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: April 18, 2016

JAMES DONATO
United States District Judge